**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  <u>18-20337-CR-ALTONAGA</u>**

**UNITED STATES OF AMERICA**

**vs.**

**ANTWAN LENARD JOHNSON,**

**Defendant.**
_____/

**<u>GOVERNMENT MOTION IN LIMINE TO EXCLUDE IRRELEVANT CHARACTER
EVIDENCE OF THE DEFENDANT'S GENERAL GOOD CONDUCT</u>**

The United States of America, through its undersigned attorneys, hereby files this motion *in limine* to exclude evidence of Defendant Johnson's good conduct and character because it is neither relevant to the charges nor admissible as character evidence under Federal Rules of Evidence 401-404.[1]

I.      **<u>FACTUAL & PROCEDURAL SUMMARY</u>**

On or about August 28, 2015, E.R., a seventeen (17) year-old male, arrived at the Miami-Dade Regional Juvenile Detention Center (hereinafter "the JDC") and was assigned to Module 9 ("Mod 9") as a pre-trial detainee.[2]  On August 30, 2015, Defendant Johnson, a JDC employee since 2007, was assigned to work the 3-11 p.m. shift in Mod 9 as the lead juvenile detention officer ("JDO").  In the early evening, at Defendant Johnson's direction and under his supervision, numerous Mod 9 juveniles viciously assaulted victim E.R.  On or about August 31, 2015, at

---

[1]  For purposes of Local Rule 88.9, the Government has conferred with Defendant Johnson's counsel, who oppose the instant motion.  However, the parties have agreed to again confer and attempt to resolve the matter prior to any motions hearing date.

[2]  The JDC was operated by Florida Department of Juvenile Justice ("DJJ").

approximately 11:17 p.m., E.R. was pronounced deceased as a result of injuries suffered during the attack.

On or about April 30, 2018, Defendant Johnson was charged in a two-count Indictment (DE 3).  Count 1 charges him with conspiracy to violate E.R.'s civil rights, under color of law, which resulted in E.R.'s death, in violation of 18 U.S.C. § 241.  Count 2 charges him with deprivation of E.R.'s civil rights, under color of law, which resulted in bodily injury to E.R. and E.R.'s death, in violation of 18 U.S.C. § 242 (id.).  Trial is now scheduled for April 15, 2019 (DE 50).

## II.   DEFENDANT JOHNSON'S ALLEGED GOOD CHARACTER & CONDUCT

Prior to the charges in this case, Defendant Johnson served as a JDO for approximately eleven (11) years.  At trial, the Government anticipates that Defendant Johnson will seek to introduce evidence and testimony regarding his general good character, including his prior promotions, performance evaluations, awards, commendations, recognition, and other good acts while on duty.  Defendant Johnson will likely utilize these matters to attempt to persuade the jury that, because of his good character and prior service record, he could not have possibly committed the charged crimes.  The Court should exclude this evidence as irrelevant, unduly prejudicial, and improper character evidence under Federal Rules of Evidence 401-404.

## III.   LAW & ARGUMENT

Relevant evidence is evidence having any tendency to make the existence of a consequential fact more probable or less probable.  See FED. R. EVID. 401.  To be relevant: "(1) [t]he evidence must be probative of the proposition it is offered to prove, and (2) the proposition to be proved must be one that is of consequence to the determination of the action."  United States v. Glasser, 773 F.2d 1553, 1559 n.4 (11th Cir. 1985).  Upon failure to meet these relevancy requirements, Federal Rule of Evidence 402 deems the evidence "irrelevant" and "not admissible."

FED. R. EVID. 402. Federal Rule of Evidence 403 further provides that relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. "Exclusion for risk of unfair prejudice, confusion of issues, misleading the jury, or waste of time, all find ample support in the authorities." Id., Advisory Committee Notes on 1972 Proposed Rules.

Rule 404 generally prohibits the introduction of evidence of a person's character to prove that the person acted in conformity with that character. See FED. R. EVID. 404(a)(1) & (b)(1). The rules provide an exception whereby defendants may offer evidence of their character, but only if it relates to a "pertinent" character trait. See FED. R. EVID. 404(a)(2)(A); United States v. Langford, 647 F.3d 1309, 1329 (11th Cir. 2011) (evidence of defendant's "generous and philanthropic character" irrelevant to charges of bribery, money laundering, and fraud); United States v. Ellisor, 522 F.3d 1255, 1270-71 (11th Cir. 2008) ("[e]vidence of good conduct is not admissible to negate criminal intent") (quoting United States v. Camejo, 929 F.2d 610, 613 (11th Cir. 1991)) (internal quotation marks omitted).[3] Any evidence relating to Defendant Johnson's general good character is not pertinent to the crimes charged under FRE 404 and should be excluded under FRE 401-403.

Additionally, any evidence that Defendant Johnson was an exemplary, decorated, or competent JDO should also be excluded under FRE 401-404. These matters do nothing to make

---

[3] Even if evidence of Defendant Johnson's good character was pertinent, the form of that evidence would be limited to "testimony as to reputation or by testimony in the form of an opinion." FED. R. EVID. 405(a); Michelson v. United States, 355 U.S. 469, 477 (1948). Character evidence in the form of testimony regarding specific instances of conduct is permitted only where the character trait at issue is "an essential element of a charge, claim, or defense." FED. R. EVID. 405(b).

the existence of any consequential fact more probable or less probable relating to the charged offenses and are unduly prejudicial.  See Camejo, 929 F.2d at 613; United States v. Russell, 703 F.2d 1243, 1249 (11th Cir. 1983).  Courts also typically preclude law enforcement defendants from offering such evidence, including evidence of commendations and awards.  See, e.g., United States v. Washington, 106 F.3d 983, 999-1000 (D.C. Cir. 1997) (police officer's commendations were not admissible because the defendant's "dedication, aggressiveness and assertiveness" in investigating drug dealing and carjacking was not "pertinent" to his bribery, conspiracy, drug, or firearms charges); United States v. Nazzaro, 889 F.2d 1158, 1168 (1st Cir. 1990) (noting that trial court properly excluded evidence of a police officer's prior commendations because "the traits which they purport to show – bravery, attention to duty, perhaps community spirit – were hardly 'pertinent' to the crimes [of perjury and conspiracy to commit mail fraud] of which [the defendant] stood accused"); United States v. Barry, 814 F.2d 1400, 1403-1404 (9th Cir. 1987) (security patrol officer's letters of commendation not pertinent under Rule 404(a) and inadmissible hearsay).

## IV.    **CONCLUSION**

For the foregoing reasons, the Government respectfully requests that the Court exclude any

evidence of Defendant Johnson's alleged good conduct and character under FRE 401-404.

Respectfully submitted,

ARIANA FAJARDO ORSHAN                ERIC S. DREIBAND
UNITED STATES ATTORNEY               ASSISTANT ATTORNEY GENERAL


*s/ Sean T. McLaughlin*                       *s/ Samantha Trepel*
SEAN T. McLAUGHLIN                   SAMANTHA TREPEL
Assistant United States Attorney            Trial Attorney, Civil Rights Division
Court ID No. A5501121                Court ID No. A5501689
99 N.E. 4th Street, 8th Floor               950 Pennsylvania Avenue NW, PHB
Miami, Florida 33172                 Washington, DC  20530
Tel: (305) 961-9013                  Tel: (202) 305-3204
sean.mclaughlin@usdoj.gov            samantha.trepel@usdoj.gov


### **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on January 4, 2019, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF.


*s/ Samantha Trepel*
SAMANTHA TREPEL
Trial Attorney

*s/ Sean T. McLaughlin*
SEAN T. McLAUGHLIN
Assistant United States Attorney