UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-20337-CR-ALTONAGA

UNITED STATES OF AMERICA,

vs.

ANTWAN LENARD JOHNSON,

        Defendant.
_____/

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It is my duty to instruct you on the rules of law that you must use in deciding this case. After I have completed these instructions you will go to the jury room and begin your discussions - what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against a Defendant or the Government.

You must follow the law as I explain it - even if you do not agree with the law - and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The Indictment or formal charge against a Defendant is not evidence of guilt. The law presumes every Defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. The Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision. The Government must prove the guilt of the Defendant beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

The Government's burden of proof is heavy, but it does not have to prove a Defendant's guilt beyond all possible doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you have carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything I have said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence are what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There is no legal difference in the weight you may give to either direct or circumstantial evidence.

When I say you must consider all the evidence, I do not mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point does not necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?
- Did the witness have any particular reason not to tell the truth?
- Did the witness have a personal interest in the outcome of the case?
- Did the witness seem to have a good memory?
- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?
- Did the witness appear to understand the questions clearly and answer them directly?
- Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or did not say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake does not mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that does not mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

You will see that the Indictment charges that a crime was committed "on or about" a certain date. The Government does not have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his or her conduct may be violating.

The Indictment charges two (2) separate crimes, called "counts," against the Defendant. Each count has a number. You will be given a copy of the Indictment to refer to during your deliberations.

Count 1 charges that the Defendant knowingly and willfully conspired to deprive Elord Revolte of a pretrial detainee's constitutionally protected right to be free from the use of unreasonable force.

Count 2 charges that the Defendant committed what is called a "substantive offense," specifically that the Defendant willfully deprived Elord Revolte of his constitutionally protected right to be free from the use of unreasonable force. I will explain the law governing that

3

substantive offense in a moment.

But first note that the Defendant is not charged in Count 1 with violating a constitutional right – he is charged with conspiring to violate that right. I will give you specific instructions on conspiracy.

In Count 1, the Defendant is charged with violating Title 18, United States Code, Section 241, which makes it a Federal crime to conspire or agree with someone else to do something that, if carried out, would injure, oppress, threaten, or intimidate any person in any State in the free exercise of a right secured or protected by the Constitution or laws of the United States.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

1) A conspiracy existed, that is, two or more persons in some way agreed to try to accomplish a shared and unlawful plan;
2) The purpose of the conspiracy was to injure, oppress, threaten, or intimidate Elord Revolte in the free exercise or enjoyment of a right protected by the Constitution or laws of the United States, specifically, the right of a pretrial detainee to be free from the use of unreasonable force by a person acting under color of law; and
3) The Defendant, knowing the unlawful purpose of the conspiracy, willfully joined in it.

The Indictment sets forth a number of acts, listed as "overt acts," that the Defendant allegedly committed in furtherance of the conspiracy charged in Count 1. Proof of these "overt acts" is not an element of Count 1. The Government is not required to prove that the Defendant or any co-conspirator committed any overt act set forth in the Indictment, but you may consider any of these overt acts that you believe occurred to help determine whether the conspiracy existed, the purpose of the conspiracy, and who joined it.

Some of the people who may have been involved in the events described in Count 1 of the Indictment are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted or tried together in one proceeding. Nor is there any requirement that the names of the other conspirators be known. An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more of them. Whether they are named or not does not matter.

First Element

The first element of Count 1 requires the Government to prove beyond a reasonable doubt that two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the Indictment.

A "conspiracy" is an agreement by two or more people to commit an unlawful act. In

4

other words, it is a kind of "partnership" for criminal purposes. Every member of a conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that those who were members of a conspiracy made any kind of formal agreement. A conspiracy may be demonstrated by circumstantial evidence of a meeting of the minds to commit an unlawful act. In other words, an agreement can be proved indirectly, by the totality of the circumstances, the conduct of the parties involved, acts done with a common purpose, or facts and circumstances which lead to a conclusion that an agreement existed.

The heart of a conspiracy is the making of the unlawful plan itself. The Government does not have to prove that the members planned together all the details of the plan. The Government also does not have to prove that the conspirators succeeded in carrying out the plan.

Second Element

The second element of Count 1 requires the Government to prove that purpose of the conspiracy was to "injure, oppress, threaten, or intimidate" Elord Revolte in the free exercise or enjoyment of a right secured and protected by the Constitution or laws of the United States. Here, the right at issue is the right, enjoyed by all pretrial detainees, to be free from unreasonable force by a juvenile detention officer or other governmental employee. A pretrial detainee is a person in custody awaiting trial, who has not yet been tried or convicted of the crime he has been charged with having committed. The Fourteenth Amendment to the United States Constitution guarantees to such pretrial detainees the right to be free from punishment without having first being convicted of a crime. This right includes the right to be to be free from the use of unreasonable force by a person acting under color of law.

This right can only be violated by someone acting under color of law. Thus, you must find that at least one (1) member of the conspiracy was acting under color of law.

Government employees, such as juvenile detention officers, act "under color of law" when they act in their official capacity, or claim to act in their official capacity. An unlawful act under color of law occurs when the person or persons who commit the act have power only because of their official position. A person acts under color of law even if they misuse or abuse of that power. Private persons, such juvenile detainees, act "under color of law" if they participate in joint activity with someone they know to be a public official, such as a juvenile detention officer.

The words "injure, oppress, threaten, or intimidate" are not used in any technical sense and may cover a variety of conduct intended to harm, frighten, punish, or prevent the free action of another person.

A pre-trial detainee's right to be free from unreasonable force is a right which is secured and protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution and guaranteed to all persons in the United States, including Elord Revolte. The Government is not required to prove that the Defendant knew this right was secured and protected

5

by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. It is also not necessary for you to determine that the Defendant or any other conspirator was thinking in legal terms, acted with knowledge of a particular federal law or constitutional provision, or that the Defendant knew that his actions would violate anyone's protected rights. You need only find that the purpose of the conspiracy was to do something the law prohibits. This element can be met even if the Defendant or any conspirator was motivated by some other emotion such as anger, revenge, or exasperation.

In determining whether the purpose of the conspiracy was to deprive Elord Revolte of his right to be free from unreasonable force, you may consider all the circumstances of the incident. A juvenile detention officer may not physically assault or abuse a pre-trial detainee, or cause the detainee to be physically assaulted or abused, for the purposes of punishing, retaliating against, or harming the detainee. While the law allows juvenile detention officers to use reasonable force as part of a good-faith effort to further legitimate law enforcement and institutional purposes, such as restoring order and defending themselves or others, once a situation is under control, juvenile detention officers are not permitted to continue using force for the purpose of punishing, retaliating against, or harming a pretrial detainee.

The use of force is unreasonable if it has no legitimate law enforcement purpose. An assault carried out in order to retaliate, to seek retribution, or to punish or harm a pre-trial detainee constitutes force that has no legitimate law enforcement purpose, even if the assault was intended to deter future misconduct. The law also does not permit the use of force against a pretrial detainee on the basis of words alone.

You must consider all of the circumstances from the point of view of a reasonable juvenile detention officer on the scene, rather than with the 20/20 vision of hindsight, that is, the degree of force a reasonable officer would have applied to maintain order and safety under the same circumstances. Among the facts you may consider are the nature of the force used, the relationship between the need for the force and the amount of force used on Elord Revolte, the extent of Elord Revolte's injury, any effort made to temper or limit the amount of force used on Elord Revolte, any reasonably perceived threat from Elord Revolte, whether Elord Revolte was actively resisting or posing a security problem, the severity of any security problem at issue, and whether the force was used to safeguard or protect another person.

### Third Element

The third element of Count 1 requires the Government to prove beyond a reasonable doubt that the Defendant knowingly and willfully joined the conspiracy. One becomes a member of a conspiracy by voluntarily agreeing to participate in the unlawful plan with the intent to further the conspiracy.

Membership in a conspiracy can be proven by circumstantial evidence, that is, it can be proved indirectly from the surrounding circumstances. This includes things like what the Defendant said, what the Defendant did, how the Defendant acted, whether the Defendant knowingly violated the law, and any other facts or circumstances in evidence that show what was

in the Defendant's mind.

A person may be a conspirator without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan and willfully joined in it that is sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests does not establish proof of a conspiracy. A person who does not know about a conspiracy but happens to act in a way that advances some purpose of one does not automatically become a conspirator.

Death Resulting

Finally, if you have found that the Government has proven each of the first, second, and third elements of Count 1 beyond a reasonable doubt, you must go on to consider whether Elord Revolte died as a result of acts committed in furtherance of the conspiracy and specify as directed on the verdict form. Your decision on this issue must be unanimous.

In deciding whether Elord Revolte's death resulted from the conspiracy, the Government must prove beyond a reasonable doubt that Elord Revolte died as a result of acts committed in furtherance of the conspiracy. The Government need not prove that the Defendant intended for Elord Revolte to die or that acts of the conspirators were the sole cause of E.R.'s death.

The Government must prove, however, both of the following:

1) Elord Revolte's death was a reasonably foreseeable result of acts committed in furtherance of the conspiracy; and

2) Acts of the conspiracy were a direct cause of Elord Revolte's death, meaning that but for the acts committed in furtherance of the conspiracy. This can be proven even if the Defendant's conduct combined with other factors to cause Elord Revolte's death, so long as the other factors alone would not have done so.

You may find the Defendant guilty of Count 1 even if you do not unanimously find that Elord Revolte died as a result of acts committed in furtherance of the conspiracy.

In Count 2, the Defendant is charged with violating Title 18, United States Code, Section 242, which makes it a Federal crime for anyone acting under color of law to willfully deprive a person present in the United States of a right secured or protected by the Constitution or laws of the United States.

The Defendant can be found guilty of this crime only if all the following facts are proved

7

beyond a reasonable doubt:

1) The Defendant deprived Elord Revolte of the right to be free from the use of unreasonable force;
2) The Defendant acted under color of law;
3) The Defendant acted willfully; and
4) The offense resulted in bodily injury to Elord Revolte.

First Element

The first element of Count Two requires the Government to prove beyond a reasonable doubt that the Defendant deprived Elord Revolte of the right to be free from the use of unreasonable force.

A pretrial detainee – who has been arrested for violating the law, but who has not yet been tried or convicted of the crime for which he has been arrested – has the right to be free from punishment unless and until he has been convicted through court proceedings. This right, which is protected by the Fourteenth Amendment to the U.S. Constitution, includes the right to be free from an officer's use of objectively unreasonable force while he is awaiting trial.

The use of force is unreasonable if it has no legitimate law enforcement purpose. An assault carried out under color of law in order to retaliate, to seek retribution, or to punish or harm a pre-trial detainee constitutes force that has no legitimate law enforcement purpose, even if the assault was intended to deter future misconduct. The law also does not permit the use of force against a pretrial detainee on the basis of words alone.

In determining whether a specific use of force is unreasonable, you may consider all the circumstances of the incident. A juvenile detention officer may not physically assault or abuse a pre-trial detainee, or cause the detainee to be physically assaulted or abused, for the purposes of punishing, retaliating against, or harming the detainee. While the law allows juvenile detention officers to use reasonable force as part of a good-faith effort to further legitimate law enforcement and institutional purposes, such as restoring order and defending themselves or others, once a situation is under control, juvenile detention officers are not permitted to continue using force for the purpose of punishing, retaliating against, or harming a pretrial detainee.

You must consider all of the circumstances from the point of view of a reasonable juvenile detention officer on the scene, rather than with the 20/20 vision of hindsight, that is, the degree of force a reasonable officer would have applied to maintain order and safety under the same circumstances. Among the facts you may consider are the nature of the force used, the relationship between the need for the force and the amount of force used on Elord Revolte, the extent of Elord Revolte's injury, any effort made to temper or limit the amount of force used on Elord Revolte, any reasonably perceived threat from Elord Revolte, whether Elord Revolte was actively resisting or posing a security problem, the severity of any security problem at issue, and whether the force was used to safeguard or protect another person.

Second Element

The second element of Count 2 requires the Government to prove beyond a reasonable doubt that the Defendant acted under color of law.

Government employees, such as juvenile detention officers, act "under color of law" when they act in their official capacity, or claim to act in their official capacity. An unlawful act under color of law occurs when a person has power only because that person is an official, and that person does acts that are a misuse or abuse of that power. Private persons, such juvenile detainees, act "under color of law" if they participate in joint activity with someone they know to be a public official, such as a juvenile detention officer.

Third Element

The third element of Count 2 requires the Government to prove beyond a reasonable doubt that the Defendant acted willfully. The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. In this case, the Government must prove that the Defendant specifically intended to use more force than is reasonable under the circumstances.

Intent is a state of mind and can be proven by circumstantial evidence. Ordinarily, a person's state of mind cannot be proved directly because no one can read another person's mind and tell what that person is thinking. The Defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the Defendant said, what the Defendant did, how the Defendant acted, whether the Defendant knowingly violated the law, and any other facts or circumstances in evidence that show what was in the Defendant's mind. You may also consider the natural and probable results of any acts that the Defendant knowingly did, or did not do, and whether it is reasonable to conclude that the Defendant intended those results. In other words, you may infer and find that the Defendant in this case intended the consequences that a juvenile detention officer, standing under the same circumstances and possessing the same knowledge, should have expected to result from any acts he knowingly did, or any omission he knowingly made. It is, however, entirely up to you to decide what facts to find from the evidence.

It is not necessary for you to determine that the Defendant was thinking in legal terms, acted with knowledge of a particular federal law or constitutional provision, or that the Defendant knew that his actions would violate anyone's protected rights. You need only find that the Defendant intended to do what the Constitution forbids.

It is not a defense if the Defendant also was motivated by some additional emotion, such as anger, revenge, or exasperation, provided that the intent that I have described to you was present. In fact, you may consider evidence that an officer was motivated by some emotion, such as anger, that is not related to a legitimate law enforcement purpose, as evidence of willfulness.

The Government also is not required to show that the acts of the Defendant were premeditated or of long duration.

9

Fourth Element

The fourth element of Count 2 requires the Government to prove beyond a reasonable doubt that bodily injury to Elord Revolte resulted from the offense. The term "bodily injury" means: (A) a cut, abrasion, bruise, burn, or disfigurement; (B) physical pain; (C) illness; (D) impairment of a function of a bodily member, organ, or mental faculty; or (E) any other injury to the body, no matter how temporary.

In deciding whether bodily injury resulted from the offense, the Government must prove beyond a reasonable doubt that Elord Revolte suffered bodily injury as a result of the Defendant's conduct charged in Count 2. The Government need not prove that the Defendant intended for Elord Revolte to suffer bodily injury or that the Defendant's actions were the sole cause of Elord Revolte's bodily injury.

The Government must prove, however, both of the following:

1) Elord Revolte's bodily injury was a reasonably foreseeable result of the Defendant's conduct; and
2) The Defendant's conduct was a direct cause of Elord Revolte's bodily injury, meaning that but for the Defendant's acts, Elord Revolte would not have suffered bodily. This can be proven even if the Defendant's conduct combined with other factors to cause Elord Revolte's bodily injury, so long as the other factors alone would not have done so.

Death Resulting

Finally, if you have found that the Government has proven each of the first, second, third, and fourth elements of Count 2 beyond a reasonable doubt, you must go on to consider whether Elord Revolte died as a result of the offense and specify as directed on the verdict form. Your decision on this issue must be unanimous.

In deciding whether Elord Revolte's death resulted from the offense, the Government must prove beyond a reasonable doubt that Elord Revolte died as a result of the Defendant's conduct charged in Count 2. The Government need not prove that the Defendant intended for Elord Revolte to die or that the Defendant's actions were the sole cause of Elord Revolte's death.

The Government must prove, however, both of the following:

1) Elord Revolte's death was a foreseeable result of the Defendant's conduct; and
2) The Defendant's conduct was a direct cause of Elord Revolte's death, meaning that but for the Defendant's acts, Elord Revolte would not have died. This can be proven even if the Defendant's conduct combined with other factors to cause Elord Revolte's death, so long as the other factors alone would not have done so.

You may find the Defendant guilty of Count 2 even if you do not unanimously find that Elord Revolte died as a result of the offense.

It is possible to prove the Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person. A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime - not just proof that the Defendant was simply present at the scene of a crime or knew about it.

In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

During a conspiracy, if a conspirator commits a crime to advance the conspiracy toward its goals, then in some cases a co-conspirator may be guilty of the crime even though the co-

11

conspirator did not participate directly in the crime.

So, if you have first found the Defendant guilty of the crime of conspiracy as charged in Count 1, you may also find the Defendant guilty of the crime charged in Count 2 even though the Defendant did not personally participate in the crime. To do so, you must find beyond a reasonable doubt:

1) During the conspiracy a conspirator committed the additional crime charged to further the conspiracy's purpose;
2) The Defendant was a knowing and willful member of the conspiracy when the crime was committed; and
3) It was reasonably foreseeable that a co-conspirator would commit the crime as a consequence of the conspiracy.

You have been permitted to take notes during the trial. Most of you - perhaps all of you - have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

Evidence of a defendant's character traits may create a reasonable doubt.

You should consider testimony that the Defendant is a peaceful and law-abiding citizen along with all the other evidence to decide whether the Government has proved beyond a reasonable doubt that the Defendant committed the offense.

The Government elicited testimony based on hearsay from a non-testifying witness. The testimony regarding Officer Taylor's belief that other guards may have placed snack bounties on juveniles should not e considered against the Defendant. Guilt by association is not permitted in our legal system and is contrary to the concept of a fair trial.

Each count of the Indictment charges a separate crime. You must consider each crime and the evidence relating to it separately.

I caution you that the Defendant is on trial only for the specific crimes charged in the Indictment. You are here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

Also remember that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the Government has proved the Defendant guilty. Do

not let the possible guilt of others influence your decision in any way.

You must also never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

Your verdict, whether guilty or not guilty, must be unanimous - in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you are judges - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you have all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you will return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I will respond as promptly as possible - either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.